**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| DAVID P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-CV-069-RHH |
| | ) | |
| FRANK J. BISIGNANO,<br>Commissioner of Social Security, | )<br>) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff David P.'s ("Plaintiff's") appeal regarding the denial of Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 8.) The Court has reviewed the parties' briefs and the entire administrative record, including the transcript and medical evidence. Based on the following, the Court will affirm the Commissioner's denial of Plaintiff's application.

**I. Background and Procedural History**

On or about September 7, 2022, Plaintiff applied for SSI, alleging that he has been unable to work due to disability since July 13, 2020. (Tr. 17, 193.) He alleged disability due to COPD, hernia, lower back problems, high blood pressure, and high cholesterol. (Tr. 63.) His application was initially denied and denied again on reconsideration. (Tr. 70, 71.) Then, he filed a request for Hearing by Administrative Law Judge (ALJ). (Tr. 118.) On July 9, 2024, the ALJ held a hearing

on Plaintiff's claim.[1] (Tr. 33-56.) Plaintiff was represented by counsel at the hearing, and an impartial vocational expert testified. *Id.* At the hearing, Plaintiff's attorney moved to amend the alleged onset date to October 6, 2022. (Tr. 40.)

In a decision issued on July 22, 2024, the ALJ found Plaintiff was not disabled as defined in the Act from the alleged onset date through the date of decision. (Tr. 26.) On September 20, 2024, Plaintiff filed a Request for Review of Hearing Decision with the Social Security Administration's (SSA) Appeals Council. (Tr. 190-192.) On July 11, 2025, the Appeals Council denied Plaintiff's request for review, and adopted the ALJ's decision in full. (Tr. 1-6.)

## II. Standard for Determining Disability Under the Act

The Social Security Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The impairment must be "of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he [or she] lives, or whether a specific job vacancy exists for him [or her], or whether he [or she] would be hired if he [or she] applied for work." 42 U.S.C. § 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. 20 C.F.R. § 416.920(a); *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether the

[1] The ALJ initially held a hearing for February 26, 2024; however, Plaintiff was unable to attend due to COPD exacerbation. (Tr. 57-62.)

claimant is currently engaging in "substantial gainful activity"; if so, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has "a severe medically determinable physical or mental impairment that meets the [twelve-month duration requirement in § 416.909], or a combination of impairments that is severe and meets the duration requirement"; if the claimant does not have a severe impairment, the claimant is not disabled. 20 C.F.R. § 416.920(a)(ii); *McCoy*, 648 F.3d at 611. To be severe, an impairment must "significantly limit[] [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. § 416.920(a)(4)(iii); *McCoy*, 648 F.3d at 611. If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. § 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner assesses the claimant's residual functional capacity ("RFC"), 20 C.F.R. § 416.920(a)(4), which is "the most [a claimant] can still do despite [his or her] limitations," 20 C.F.R. § 416.945(a)(1). *See also Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). At Step Four, the Commissioner determines whether the claimant can return to his or her past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his or her past relevant work, the claimant is not disabled; if the claimant cannot, the analysis proceeds to the next step. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to

other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(g), 416.1560(c)(2); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he or she is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 416.960(c)(2).

**III. The ALJ's Decision**

Applying the foregoing five-step analysis, the ALJ here found that Plaintiff has not engaged in substantial gainful activity since October 6, 2022, the amended alleged onset date. (Tr. 20.) Next, the ALJ found that Plaintiff has the following severe impairments: chronic obstructive pulmonary disease (COPD) and status-post umbilical hernia repair. (Tr. 20.) The ALJ found that beginning on the established onset date of disability, April 25, 2023, the claimant had the additional severe impairments of multilevel lumbar degenerative disc disease and spondylosis. (Tr. 20.) The claimant's essential hypertension, GERD, intermittent obesity, psoriasis, and insomnia were not severe impairments. (Tr. 20.)

The ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 20.) The ALJ also determined that prior to April 23, 2023, the claimant had the residual functional capacity to perform medium work, including:

> He could lift, carry, push, and pull 50 pounds occasionally and 25 pounds frequently; stand and/or walk, off and on, for 6 hours during an 8-hour workday with standard breaks; and sit for 6 hours during an 8-hour workday with standard breaks. The claimant could frequently stoop, kneel, crouch, crawl or climb. He

> could tolerate only rare (no more than 10 percent of the average workday) concentrated exposure to atmospheric conditions (as defined in the SCO), such as dust, odors, gasses, fumes, or poor ventilation, not including his own smoking or vaping.

(Tr. 20-21.) The ALJ found that after April 25, 2023, the claimant had the residual functional capacity to perform light work, including:

> He can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently; stand and/or walk up to 6 hours during an 8-hour workday with normal breaks. The claimant can rarely climb ladders or scaffolds (Defined as no more than 10 percent of the average workday). He can occasionally balance, stoop, kneel, crouch, crawl or climb ramps or stairs. He can tolerate only rare (no more than 10 percent of the average workday) concentrated exposure to atmospheric conditions (as defined in the SCO), such as dust, odors, gasses, fumes, or poor ventilation, not including his own smoking or vaping.

(Tr. 23.) The ALJ found that the claimant has no past relevant work and has at least a high school education. (Tr. 24.) Prior to the established disability onset date, the claimant was an individual of advanced age. Since the established disability onset date, the claimant's age category changed to an individual closely approaching retirement age. (Tr. 24.) Based on the foregoing, the ALJ determined that prior to April 25, 2023, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 25.) Therefore, the ALJ concluded that Plaintiff was not disabled, as defined in the Act, prior to April 25, 2023. (Tr. 25.) The ALJ found that beginning on April 25, 2023, there are no jobs that exist in significant numbers in the national economy that Plaintiff can perform. Accordingly, the ALJ found that Plaintiff was disabled from April 25, 2023, through July 22, 2024. (Tr. 25-26.)

## IV. Standard for Judicial Review

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court must affirm the Commissioner's decision if it complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole. *See* 42 U.S.C.

§§ 405(g); 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942. *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consolidated Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the Court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

**V. Discussion**

Plaintiff's sole argument on appeal is that the ALJ erred in applying the wrong Medical Vocational Guideline Rule. Specifically, Plaintiff argues that the ALJ's application of Rule 203.14

was incorrect because it required a high school education or its equivalent, and the ALJ was incorrect in finding that Plaintiff had a GED. Plaintiff contends that in light of Plaintiff's more limited education, the appropriate rule to apply was Rule 203.10, which would result in a finding that Plaintiff was disabled. Defendant responds that the ALJ properly considered the inconsistencies in the record regarding Plaintiff's education, appropriately found Plaintiff had a GED, and correctly applied the Medical Vocational Guidelines in determining Plaintiff was not disabled.

Rule 203.10 of the Medical Vocational Guidelines provides that in the absence of any relevant work experience, when the person is over the age of 55 and is restricted to a medium exertional level, with a limited education or less, "a finding of disabled is appropriate." 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 203.10. When the same person is a high school graduate or more, however, a disability finding is not required. 20 C.F.R. Part 404, Subpart P, App. 2, Rule 203.14.

Limited education, the requirement under Rule 203.10, is defined as "ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs." 20 C.F.R. § 404.1564(b)(3). It is generally considered that "a 7th grade through the 11th grade level of formal education is a limited education." *Id.* A General Equivalency Degree (GED), as its name implies, is considered the equivalent of a high school education. *See Roberts v. Astrue,* 2011 WL 4711916, at *11 (D.Neb. Oct. 6, 2011) (finding that a "GED recipient has attained the educational development and abilities of the typical high school graduate" and rejecting Plaintiff's argument that she fit the definition of "limited education" even though she had a GED); *Soutiere v. Betzdearborn, Inc.,* 189 F.Supp.2d 183, 185 (D.Vt. 2002) (explaining that a GED is "the equivalent of a high school education").

Here, the parties do not dispute the severity of Plaintiff's impairments, his RFC, his age, or that he has no past relevant work experience. Therefore, whether Plaintiff is disabled under 20 C.F.R. § 416.962 turns on whether he has a limited education or less. 20 C.F.R. § 416.962(b).

There is conflicting evidence in the record regarding Plaintiff's educational level. Plaintiff's Form SSA-3368 Disability Report indicates his "highest grade of school completed" was a GED completed in January 2001 at Missouri State Penitentiary. (Tr. 238.) His medical records from Mosaic Life Care at St. Joseph include Plaintiff's social history in his patient history, and the history reflects that he reported obtaining a GED. (Tr. 335.) His consultative exam record reflects that Dr. Theodore Collins documented in the patient social history section "Education: ged." (Tr. 356.) The disability determination and reconsideration determination forms both indicate he has 12 years of education. (Tr. 70, 71.) The explanations for his initial disability determination and the determination on reconsideration each say he has a high school education and/or a GED. (Tr. 64, 67, 68, 75, 77.) However, when the ALJ inquired regarding whether he earned a GED at the hearing, Plaintiff testified that he took classes but never received the certificate. (Tr. 41.)

The ALJ acknowledged the inconsistent evidence regarding Plaintiff's education level and made a factual determination that Plaintiff has a GED. The ALJ explained:

> There are some inconsistencies in the record. The claimant testified that he completed the sixth grade and did not get a GED. However, the record indicates he got a GED in January 2001 at the Missouri State Penitentiary. (Exhibit 1E/3) Also, the claimant told the consultative examiner that he had earned a GED. (Exhibit 5F/2) Based on this documented evidence, the undersigned finds that the claimant has a GED despite his testimonial claim to the contrary. Further, in treatment notes dated October 11, 2022, it shows the claimant does drywall for a living, and does heavy lifting. (Exhibit 2F/6) However, the claimant denied that he was doing drywall work in 2022. The claimant reported mowing lawns and doing construction work to the consultative examiner in May 2023, but indicated that he cannot do either now. (Exhibit 5F) While this evidence supports a worsening of symptoms, it also shows that he could do more prior to May 2023. In addition, in his Function

> Report completed in October 2022, he said he could wash dishes, go to the grocery store and walk 100 feet, and no assistive devices were endorsed. (Exhibit 4E) These activities suggest that he is more physically capable than alleged, and that his daily living activities were not significantly limited before April 2023.

(Tr. 22.)

Plaintiff argues that the ALJ's reasoning in finding that Plaintiff obtained a GED was circular and legally insufficient, and that the ALJ's failure to obtain records of the GED before rejecting Plaintiff's testimony was a failure to fulfill an ALJ's duty to develop the record. The undersigned disagrees.

It is the *claimant's* responsibility to inform the Commissioner about his or her education if asked. 20 C.F.R. § 404.1412(a)(1)(iii). If such information is not produced, then the Commissioner must "make a decision based on information available." 20 C.F.R. § 404.1516.

As noted above, the ALJ rejected Plaintiff's testimony that he took some GED classes but did not earn a GED because the record contained multiple documents indicating that he has a GED. (*E.g.,* Tr. 64, 67, 68, 75, 77, 238, 335, 356.) The ALJ weighed the evidence, and the documents relied on by the ALJ are substantial evidence supporting the ALJ's finding that Plaintiff has a high school education or equivalent. Plaintiff has not shown that this finding was error. If Plaintiff wished for the ALJ to consider additional evidence showing that he did not earn a GED, he had a responsibility to produce that evidence. *See Vossen v. Astrue,* 612 F.3d 1011, 1016 (8th Cir. 2010) (although the ALJ has a duty to develop the record, the burden of persuasion to prove disability remains on the claimant).

Notably, the ALJ did inquire into Plaintiff's education level at the hearing. When Plaintiff gave testimony that conflicted with the evidence in the record, the ALJ inquired regarding the conflict. Plaintiff was represented by counsel at the hearing. Plaintiff's counsel examined Plaintiff and elicited testimony, but chose not to further clarify the factual issue of Plaintiff's education. *See*

*Glenn v. Secretary of Health and Human Services,* 814 F.2d 387, 391 (7th Cir. 1987)) ("When an applicant for social security benefits is represented by counsel the administrative law judge is entitled to assume that the applicant is making his strongest case for benefits.").

Under these circumstances, the ALJ's finding that Plaintiff has a GED was reasonable and supported by substantial evidence. Accordingly, the ALJ's consideration of Rule 203.14 was appropriate.

**VI. Conclusion**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence, and the decision denying Plaintiff's application for benefits is affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. (ECF Nos. 1, 18.)

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **AFFIRMED.**

Dated this 9th day of September, 2026.

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE